UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

CALVIN LEE EVERETTE,
          *Defendant-Appellant.*

No. 02-4799

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CR-01-68)

Submitted: April 23, 2003

Decided: May 27, 2003

Before MOTZ and GREGORY, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Dismissed in part and affirmed in part by unpublished per curiam opinion.

---

**COUNSEL**

Rosemary Godwin, Raleigh, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Felice McConnell Corpening, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Calvin Lee Everette appeals his conviction and 188-month sentence imposed pursuant to a guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000), and the district court's order denying his motion to withdraw his guilty plea. In his signed plea agreement, he waived his right to appeal his conviction and sentence.

Whether a defendant validly waived his right to appeal is a question of law, which this court reviews de novo. *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992). A waiver of a defendant's right to appeal contained in a valid plea agreement is enforceable if it is "the result of a knowing and intelligent decision to forego the right to appeal." *United States v. Wessells*, 936 F.2d 165, 167 (4th Cir. 1991). We have reviewed Everette's plea agreement and the Fed. R. Crim. P. 11 hearing and conclude he knowingly and intelligently waived his right to appeal. Consequently, the valid appeal waiver precludes review of his sentencing issues. Therefore, we dismiss the appeal as to those issues.

Everette also challenges the district court's denial of his motion to withdraw his guilty plea. A defendant does not have an absolute right to withdraw a guilty plea. *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991). Rather, a defendant bears the burden of demonstrating that a "fair and just reason" supports his request to withdraw his plea. *Id.* Factors considered in determining whether a defendant has shown a fair and just reason for withdrawing his guilty plea include: (1) whether the defendant has offered credible evidence that the plea was not knowing or voluntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between the entering of the plea and the filing of the motion; (4) whether the defendant had close assistance of competent counsel; (5)

whether withdrawal will cause prejudice to the government; and (6) whether it will inconvenience the court and waste judicial resources. *Id.*

Although all the factors in *Moore* must be given appropriate weight, the central question is whether the Rule 11 hearing was properly conducted. *United States v. Puckett*, 61 F.3d 1092, 1099 (4th Cir. 1995). Everette cannot show, in light of the Rule 11 hearing, that his plea was not knowing and voluntary. The district court did not abuse its discretion in denying Everette's motion to withdraw his guilty plea. *See United States v. Ubakanma*, 215 F.3d 421, 424 (4th Cir. 2000). Therefore, we affirm the district court's denial of Everette's motion to withdraw his guilty plea. We dispense with oral argument because the facts and legal contentions have been adequately presented in the materials before the court.

*DISMISSED IN PART; AFFIRMED IN PART*